*NCH.*

_____FILED      _____ENTERED
_____LODGED _____RECEIVED

NOV 1 6 2012

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                                      DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney*<br><br>*Lauren A. Seldomridge*<br>*Special Assistant United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *DIRECT: 410-209-4871*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3124*<br>*TTY/TDD: 410-962-4462*<br>*Lauren.Seldomridge@usdoj.gov* |

October 24, 2012

Susie Hensler, Esquire
Office of the Federal Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201

> Re:    Plea Agreement in the Case of
>         United States v. Cory Bauer
>         <u>Criminal Indictment No. ELH-12-0313</u>

Dear Ms. Hensler:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **November 23, 2012**, it will be deemed withdrawn. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

1.    The Defendant agrees to plead guilty to Count Two of the Indictment now pending against him, in which he is charged with possession of a firearm by a previously convicted person in violation of 18 U.S.C. § 922 (g)(1). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

<u>Elements of the Offense</u>

2.    The elements of the of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial are as follows:

Susie Hensler, Esq.
*U.S. v. Cory Bauer*
Page 2

       a.      That on or about February 24, 2012, in the District of Maryland, the Defendant knowingly possessed a firearm, as that term is defined in 18 U.S.C. § 921(a)(3);

       b.      That prior to February 24, 2012, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year and his civil rights had not been restored; and

       c.      That the firearm affected interstate commerce because it was manufactured outside of the state of Maryland and would have crossed state lines prior to its recovery in Maryland.

### Penalties

       3.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is a term of imprisonment of ten (10) years, followed by three (3) years of supervised release, and a fine of $250,000. In the event the Defendant is determined to have three previous convictions by any court referred to in 18 U.S.C. § 922(g)(1) for a violent felony or serious drug offense, or both, committed on occasions different from one another, then the maximum sentence is a term of life imprisonment with a mandatory minimum term of fifteen (15) years imprisonment, followed by five (5) years of supervised release, and a fine of $250,000 and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, the Defendant with respect to the conviction under section 922(g). In addition, for each count the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

       4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

---

    [1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

Susie Hensler, Esq.
*U.S. v. Cory Bauer*
Page 3

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

Susie Hensler, Esq.
*U.S. v. Cory Bauer*
Page 4

<u>Advisory Sentencing Guidelines Apply</u>

5.    The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

6.    This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

     a. **Factual Stipulation**

     On the evening of February 24, 2012, Defendant Cory Bauer (Bauer), Jeremy Dunnigan (Dunnigan) and Sander Foekens (Foekens) drove to HNP Muzzleloading (HNP), located at 601 Back River Neck Road, Essex, Baltimore County, Maryland, a registered Federal Firearms Licensee (FFL) that imports, deals and repairs firearms. They gained entry by cutting through a chain link fence surrounding the building and then breaking the rear window of the closed FFL. One of the conspirators then entered the store several times and removed firearms and ammunition. Bauer, Foekens and Dunnigan then placed the stolen firearms and ammunition into a waiting car, and drove to the home of Bauer's grandmother, to unload some of the firearms and ammunition. The home was not only occupied by Bauer's grandmother, but by Bauer's brother and the brother's five young children. Bauer, Dunnigan and Foekens then divided the remaining firearms and ammunition (meaning those not left at the grandmother's house), amongst themselves and left the location with the items.

     On the morning of February 25, 2012, the owner of HNP discovered the break-in at his store, and contacted the Baltimore County Police Department (BCoPD). Through investigation and an initial inventory conducted by BCoPD and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), a large quantity of ammunition and the following firearms were found to be missing:

- Smith and Wesson 686 .357 magnum revolver, bearing serial number BFW6064
- Springfield XD40 .40 caliber pistol, bearing serial number US373493
- Taurus PT111 9mm pistol, bearing serial number TCP45403
- Taurus 817 .38 caliber revolver, bearing serial number CV903934
- Glock 23 pistol, bearing serial number BKG690US
- Norinco 1911 A1 .45ACP pistol, bearing serial number 615264

Susie Hensler, Esq.
*U.S. v. Cory Bauer*
Page 5

- Walther P22 .22LR pistol, bearing serial number L378678
- Smith and Wesson 4046 .40 caliber pistol, bearing serial number VJB4531
- Springfield XD40, .40 caliber pistol, bearing serial number XD482695
- Winchester Super X Model 1 12 gauge shotgun, bearing serial number 1DU0939
- Smith and Wesson 4046 .40 caliber pistol, bearing serial number TDU8301
- Smith and Wesson 5906 9mm pistol, bearing serial number VYY3648
- Tanfoglio EAA Witness 330 9mm pistol, bearing serial number EA53888
- Beretta 21A .22LR pistol, bearing serial number BES69224U
- Ruger Single Six .22 caliber revolver, bearing serial number 264-17659
- Smith and Wesson SW40VE .40 caliber pistol, bearing serial number DTW-0255
- Heritage Rough Rider .22 caliber revolver, bearing serial number SN-E60325
- Colt 1911 .45 caliber pistol, bearing serial number C232828
- Smith and Wesson SD40 .40 caliber pistol, bearing serial number DUV5839
- Taurus 1BMini .380 caliber revolver, bearing serial number EU22304
- Ruger LCP .380 caliber revolver, bearing serial number 376-62070
- Ruger New Model Super Blackhawk .44 magnum revolver, bearing serial number 87-93209
- Taurus 4510 Judge .45 caliber revolver bearing serial number CX932981
- EAA Tanfoglio Witness P45 .45ACP caliber pistol, bearing serial number EA49471
- Taurus Judge .45 caliber revolver, bearing serial number DT247089
- Walther P22 .22LR caliber pistol, bearing serial numberL067826
- CZ-USA 75BD 9mm pistol, bearing serial number B019062
- Smith and Wesson 517 .22LR caliber revolver, bearing serial number CSM5414
- Smith and Wesson 686 .357 caliber revolver, bearing serial number CSD9542
- Sig Sauer 1911 .45ACP caliber pistol, bearing serial number GS50483
- Taurus 24/7 9mm pistol, bearing serial number TCM78581
- .223 caliber rifle with unknown manufacturer, bearing serial number 0866
- Izhmash (Imez) .380 pistol, bearing serial number BTM1835
- Springfield 1911A1 .45 caliber pistol, bearing serial number WW28128
- Colt 1911 .45 caliber pistol, bearing serial number FC30230E
- Auto Ordnance 1911 .45 caliber pistol, bearing serial number AOC22068
- Ruger Mark II .22 Caliber handgun, bearing serial number 210-55866

Between February 25th and 26th, Cory Bauer met with unknown individuals to sell some of the firearms that had been stolen.

On the afternoon of February 26, 2012, Foekens and Dunnigan traveled by car to Greater Grace Church (the Church) located at 6603 Moravia Park Drive in Baltimore City, Maryland. Upon learning that security officers at the Church wished to search the car, Foekens fled from the area. Upon searching the car, the officers found 5 guns that had been stolen from HNP. They were: a loaded Ruger .22 caliber handgun bearing serial number 210-55866; a loaded CZ USA CZ75 9mm handgun bearing serial number B019062; a loaded Beretta 21A .22LR caliber handgun bearing serial

Susie Hensler, Esq.
*U.S. v. Cory Bauer*
Page 6

number BES69224U; an EAA Witness .45 caliber handgun with grip marked "Witness P-F" bearing serial number EA49471; and a 12 gauge double barrel shotgun with a missing serial number (this weapon was not amongst the weapons originally reported stolen from HNP but was later determined to have been taken from the FFL). Also recovered from the car was: a box for the stolen Taurus Judge, bearing serial number DT247089; several boxes of ammunition; a ziplock bag filled with ammunition; 2 empty Glock cases; 2 empty Taurus boxes; bolt cutters; 3 HNP gunshop tag receipts; and one HNP claim check. Dunnigan was arrested at the scene.

After fleeing and upon learning that Dunnigan had been arrested, Foekens contacted Bauer. Foekens and Bauer were taken by Bauer's brother to the Roadway Inn and Suites located at 8005 Pulaski Highway, Rosedale, Baltimore County, Maryland where Foekens rented room #223 for the himself and Bauer to hide. Investigation led officers to the motel, where both Bauer and Foekens were arrested on February 27. Located in their motel room was $465 in United States currency; a gallon-sized ziplock bag full of marijuana; and a scale and grinder.

Through investigation members of the BCoPD were able to determine the locations of some of the stolen guns. As a result of this investigation, the BCoPD obtained search warrants for 1 Eddystone Place, Apartment K, Baltimore County, Maryland and 804 Briar Hill Place, Apt D, Baltimore, County Maryland where officers believed stolen guns would be located.

On February 28, 2012, BCoPD executed the search warrant at 804 Briar Hill Place and recovered a Heritage Rough Rider .22 caliber revolver bearing serial number SN-E60325 and a Taurus Pt111 Pro 9mm handgun bearing serial number TCP45403, both of which were stolen from HNP. Further, one of the occupants of the apartment told law enforcement that he had only recently been approached by an unidentified white male, who had sold him both guns for $500. The occupants of that apartment were prohibited from possessing firearms. Upon the execution of the warrant at 1 Eddystone Place, officers recovered the box for a blue Smith and Wesson handgun serial number DUV5839, that was also listed as stolen from HNP. The occupant of this apartment was also prohibited from possessing a firearm.

Prior to locating Bauer, other officers began surveillance outside the apartment of Bauer's girlfriend at 1407 Hadwick Drive in Baltimore County, Maryland. Members of the BCoPD observed Bauer's girlfriend exit her apartment and place a bag between two dumpsters before retreating inside. Officers recovered the abandoned bag and found it to contain a loaded Walter P22, .22 caliber pistol with laser sight bearing serial number L067826 that had been reported stolen from HNP and a prescription in the name of Cory Bauer. Investigation revealed that Bauer had instructed his girlfriend to place the bag in that location as well as to delete all of the contacts and text messages from her phone.

One additional gun stolen from HNP, a Smith and Wesson .40 caliber pistol bearing serial number TDU8301, was recovered on March 22, 2012 during the execution of a narcotics search and

Susie Hensler, Esq.
*U.S. v. Cory Bauer*
Page 7

seizure warrant in Baltimore County, Maryland, in an unrelated investigation. The occupant of that location was also prohibited from possessing firearms.

The owner of the aforementioned FFL at no time gave Defendant Cory Bauer or any of his accomplices permission to enter his store while it was closed or to take firearms or ammunition.

The parties stipulate that all of the firearms described herein met the definition of a firearm as that term is defined in 18 U.S.C. § 921(a)(3) because all were weapons designed to expel a projectile by the action of an explosive. The parties also further stipulate that the firearms listed above affected interstate commerce prior to their recovery in February 2012.

The parties also stipulate that on February 24, 2012, the Defendant was in knowing possession of the above-described firearms. Further, the Defendant was prohibited from possessing any firearm because, prior to February 24, 2012, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, and his civil rights had not been restored following that conviction.

## b. Guidelines Stipulation

The parties stipulate and agree that the Court will determine the applicable base offense level in this case to be either twelve (12), fourteen (14), twenty (20) or twenty-four (24), pursuant to U.S.S.G. § 2K2.1(a), based upon defendant's qualifying prior felony convictions. The parties stipulate and agree that the base offense level is adjusted upward six (6) levels because the offense involves over 24 but fewer than 99 firearms pursuant to U.S.S.G § 2K2.1(b)(1)(C). The base offense level is further adjusted upward an additional four (4) level pursuant to U.S.S.G. § 2K2.1(b)(5) because the Defendant engaged in the trafficking of firearms. The final adjusted base offense level is agreed to be twenty-two (22), twenty four (24), thirty (30) or thirty-four (34).

## c. Acceptance of Responsibility

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Susie Hensler, Esq.
*U.S. v. Cory Bauer*
Page 8

7.     The parties stipulate and agree that the Defendant has a criminal history category of II pursuant to U.S.S.G. § 4A1.1.

8.     With respect to the calculation of criminal history and the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. If the Defendant intends to seek a sentence outside of the advisory guidelines range, he will notify the Court, the United States Probation Officer and this Office at least ten days in advance of sentencing of the facts or issues he intends to raise pursuant to 18 U.S.C. § 3553(a).

<u>Obligations of the United States Attorney's Office</u>

9.     At the time of sentencing, this Office will recommend a sentence within the advisory guidelines range. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

10.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of any counts of the Indictment that this Office has agreed to dismiss at sentencing.

<u>Waiver of Appeal</u>

11.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a)    The Defendant knowingly waives all rights, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b)    The Defendant and this Office knowingly waive all rights, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), <u>except</u> as follows: (i) the Defendant reserves the right to appeal from

Susie Hensler, Esq.
*U.S. v. Cory Bauer*
Page 9

any term of imprisonment above the advisory guidelines resulting from an adjusted base offense level of nineteen (19); (ii) and this Office reserves the right to appeal from any term of imprisonment below the advisory guidelines range resulting from an adjusted base offense level of thirty-one (31).

c)      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d)      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

12.      The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Forfeiture of Firearm

13.      The Defendant understands and agrees that as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm or ammunition. He forfeits all right, title, and interest in all of the firearms listed in paragraph 6(a) (the factual stipulation).

Susie Hensler, Esq.
*U.S. v. Cory Bauer*
Page 10

### Court Not a Party

14.    The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

15.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Lauren A. Seldomridge
Special Assistant United States Attorney

Susie Hensler, Esq.
*U.S. v. Cory Bauer*
Page 11


     I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.


| | |
|---|---|
| 11/2/12 | *[signature]* |
| Date | Cory Bauer |


     I am Cory Bauer's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.


| | |
|---|---|
| 11/2/12 | *[signature]* |
| Date | Susie Hensler, Esq. |